UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAELA PAULY,

      Plaintiff,

v.

CITY OF SOUTH HAVEN and
NATALIE THOMPSON,

      Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# COMPLAINT

Plaintiff Michaela Pauly alleges the following for her complaint against Defendants City of South Haven and Natalie Thompson.

## NATURE OF THE CASE

1. This case is an employment case about discrimination and retaliation.

2. Plaintiff Michaela Pauly worked for Defendant City of South Haven as a law enforcement officer where she became romantically involved with a fellow officer and then whom she later married.

3. Pauly's husband had also previously engaged in a sexual relationship with the chief of police, Defendant Natalie Thompson, and he ended that relationship before becoming involved with Pauly.

4. Chief Thompson and the City of South Haven then discriminated against Pauly because of her sex and gender and treated her differently (and worse) than male officers.

5. Chief Thompson has also had sexual relationships with several other officers at the City of South Haven, some of whom she directly supervised at the time of the relationships, and Chief Thompson treated those officers much better than she did Pauly.

6. When Pauly complained about how she had been mistreated, Chief Thompson had the City of South Haven fire Pauly based on the results of a sham investigation that was a pretext for discrimination and retaliation.

7. Defendants' conduct violates Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Pauly suffered damages as a result of Defendants' discriminatory and retaliatory conduct that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Michaela Pauly is an individual person who resides in Kalamazoo County, Michigan.

9. Defendant City of South Haven is a municipality located in Van Buren County, Michigan.

10. Defendant Natalie Thompson is an individual person employed by the City of South Haven as the chief of police.

11. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.701, 600.705, 600.711, and 600.715. FED. R. CIV. P. 4(k)(1)(A).

12. The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

13. The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

14. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

15. Michaela Pauly worked for the City of South Haven as a law enforcement officer from December 2012 until March 12, 2021.

16. Pauly performed her job well and consistently received praise regarding her job performance.

17. In 2014, Pauly became romantically involved with another police officer who also worked for the City of South Haven and whom she later married.

18. Pauly and her husband were married in 2015, and they were married while they both worked for the City of South Haven.

19. Chief Thompson had previously engaged in a sexual relationship with Pauly's husband before he began his relationship with Pauly. Pauly's husband ended the relationship with Chief Thompson.

20. Chief Thompson has also engaged in several other sexual relationships with male police officers at the City of South Haven, and some of those relationships occurred while she directly supervised their employment.

21. Chief Thompson discriminated against Pauly because of her sex and treated her worse than male officers.

22. Pauly complained about Chief Thompson's discriminatory treatment of her.

23. Chief Thompson then targeted Pauly for an investigation that was a pretext for discrimination and retaliation.

24. The bias-filled and retaliatory investigation lead to the termination of Pauly's employment with the City of South Haven.

25. After the termination of Pauly's employment from the city of South Haven, Defendants contacted Pauly's new employer in an effort to further retaliate against her by providing unsolicited information that lead to the termination of Pauly's employment from her subsequent employer.

26. Pauly filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

(*against the City of South Haven only*)

27. Pauly repeats and incorporates all the previous allegations in her complaint. This count in the complaint proceeds only against the City of South Haven.

28. The City of South Haven subjected Pauly to different (and worse) terms and conditions of employment in comparison to male employees.

29. The City of South Haven terminated Pauly's employment.

30. Pauly's sex and gender were motivating factors in the City of South Haven's decision to treat her differently in connection with the terms and conditions of her employment and the decision to terminate her employment.

31. Pauly suffered damages as a result of the City of South Haven's violations of Title VII of the Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay,

compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 2

### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

(*against the City of South Haven and Chief Thompson*)

32. Pauly repeats and incorporates all the previous allegations in her complaint. This count in the complaint proceeds against the City of South Haven and Chief Thompson.

33. The City of South Haven and Chief Thompson subjected Pauly to different (and worse) terms and conditions of employment in comparison to male employees.

34. The City of South Haven terminated Pauly's employment.

35. Pauly's gender and sex were motives or reasons which made a difference in the City of South Haven and Chief Thompson's decision to treat her differently in connection with the terms and conditions of her employment and the decision to terminate her employment.

36. Pauly suffered damages as a result of the City of South Haven and Chief Thompson's violations of Michigan's Elliott-Larsen Civil Rights Act, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

(*against the City of South Haven only*)

37. Pauly repeats and incorporates all the previous allegations in her complaint.

38. Pauly engaged in activity protected by Title VII of the Civil Rights Act of 1964 when she complained to the City of South Haven about the discrimination and retaliation that she encountered in the workplace.

39. The City of South Haven knew about Pauly's protected activity.

40. The City of South Haven took adverse employment actions against Pauly when it subjected her to different (and worse) terms and conditions of employment, when it terminated her employment, and when it engineered her termination from her new employer after leaving the City of South Haven's employ.

41. The City of South Haven would not have taken these adverse actions against Pauly but for her protected activity.

42. Pauly suffered damages because of the City of South Haven's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 4
### RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT
(*against the City of South Haven and Chief Thompson*)

43. Pauly repeats and incorporates all the previous allegations in her complaint. This count in the complaint proceeds against the City of South Haven and Chief Thompson.

44. Pauly engaged in activity protected by the Elliott-Larsen Civil Rights Act when she complained to the City of South Haven about the discrimination and retaliation that she encountered in the workplace.

45. The City of South Haven and Chief Thompson knew about Pauly's protected activity.

46. The City of South Haven and Chief Thompson took adverse employment actions against Pauly when they subjected her to different (and worse) terms and conditions of employment, when they terminated her employment, and when they engineered her termination from her new employer after leaving the City of South Haven's employ.

47. There was a causal connection between Pauly's protected activities and the ad-

verse employment actions the City of South Haven and Chief Thompson took against her.

48. Pauly suffered damages because of the City of South Haven and Chief Thompson's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

49. Pauly demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

50. Plaintiff Michaela Pauly requests that the Court enter a judgment in her favor and against Defendants City of South Haven and Natalie Thompson in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

51. Pauly also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

                                                MICHAELA PAULY

Dated: March 31, 2022                By:   /s/ Mark S. Wilkinson
                                                Mark S. Wilkinson (P68765)
                                                *Attorney for Plaintiff*
                                                PALADIN EMPLOYMENT LAW PLLC
                                                5955 West Main Street
                                                Kalamazoo, MI 49009
                                                (tel.) 269.978.2474
                                                mark@paladinemploymentlaw.com