UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAELA PAULY,

     Plaintiff,                             Case No. 1:22-cv-307

-vs-                                  HON: JANE M. BECKERING
SOUTH HAVEN, CITY OF  and
NATALIE THOMPSON,

     Defendants.
_____/

MARK S. WILKINSON (P68765)      LAURA S. AMTSBUECHLER
Attorney for Plaintiff                 (P36972)
Paladin Employment Law PLLC    MELANIE M. HESANO (P82519)
5955 West Main Street             ROSATI SCHULTZ JOPPICH
Kalamazoo, MI 49009              & AMTSBUECHLER PC
(269) 978-2474                    27555 Executive Drive, Suite 250
mark@paladinemploymentlaw.com  Farmington Hills, MI 48331
                                    (248) 489-4100
                                    Attorneys for Defendants
                                    lamtsbuechler@rsjalaw.com
                                    mhesano@rsjalaw.com
_____/

**ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES,
RELIANCE UPON JURY DEMAND**

     Defendants, through their Attorneys, Rosati Schultz Joppich & Amtsbuechler

PC state the following as their Answer to Plaintiff's Complaint:

**NATURE OF THE CASE**

1.     This case is an employment case about discrimination and retaliation.

**ANSWER:** In answer to Paragraph 1, Defendants admit that Plaintiff has alleged what she claims to be violations of state and federal law pertaining to discrimination and retaliation. Defendants deny the allegation that Plaintiff has pleaded legally viable claims and deny all allegations of wrongdoing and/or violation of the statutes for the reason that these allegations are untrue.

2.    Plaintiff Michaela Pauly worked for Defendant City of South Haven as a law enforcement officer where she became romantically involved with a fellow officer and then whom she later married.

**ANSWER:** In answer to Paragraph 2, Defendants admit that Plaintiff worked for the City of South Haven as a law enforcement officer, and further admit that she married a fellow officer. Defendants neither admit nor deny the remaining allegations for lack of knowledge or information sufficient upon which to form a belief as to those allegations and leave Plaintiff to her proofs.

3.    Pauly's husband had also previously engaged in a sexual relationship with the Chief of Police, Defendant Natalie Thompson, and he ended that relationship before becoming involved with Pauly.

**ANSWER:** In answer to Paragraph 3, Defendant City of South Haven neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief as to those allegations and leaves Plaintiff to her proofs.

2

Defendant Thompson admits that she was involved in a brief sexual relationship with plaintiff's husband, Michael Pauly, many years ago and before Plaintiff was hired by South Haven Police Department. Defendant Thompson admits that her relationship with Michael Pauly was before Plaintiff became romantically involved with him.

4.      Chief Thompson and the City of South Haven then discriminated against Pauly because of her sex and gender and treated her differently (and worse) than male officers.

**ANSWER:**    In answer to Paragraph 4, Defendants deny the allegations for the reason that they are untrue.

5.      Chief Thompson has also had sexual relationships with several other officers at the City of South Haven, some of whom she directly supervised at the time of the relationships, and Chief Thompson treated those officers much better than she did Pauly.

**ANSWER:**  In answer to Paragraph 5, Defendant City of South Haven neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. Defendant Thompson admits that, before Plaintiff was hired by South

Haven Police Department, Thompson had previous sexual relationships with other officers and denies the remaining allegations for the reason that they are untrue.

6.     When Pauly complained about how she had been mistreated, Chief Thompson had the City of South Haven fire Pauly based on the results of a sham investigation that was a pretext for discrimination and retaliation.

**ANSWER:**  In answer to Paragraph 6, Defendants deny the allegations for the reason that they are untrue.

7.     Defendants' conduct violates Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act.  Pauly suffered damages as a result of Defendants' discriminatory and retaliatory conduct that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

**ANSWER:**  In answer to Paragraph 7, Defendants deny the allegations for the reason that they are untrue.

## PARTIES, JURISDICTION, AND VENUE

8.     Plaintiff Michaela Pauly is an individual person who resides in Kalamazoo County, Michigan.

**ANSWER:**  In answer to Paragraph 8, Defendants admit upon information and belief.

9.    Defendant City of South Haven is a municipality located in Van Buren County, Michigan.

**ANSWER:**  In answer to Paragraph 9, Defendants admit.

10.    Defendant Natalie Thompson is an individual person employed by the City of South Haven as the Chief of Police.

**ANSWER:**  In answer to Paragraph 10, Defendants admit.

11.    The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.701, 600.705, 600.711, and 600.715. Fed. R. Civ. P. 4(k)(1)(A).

**ANSWER:**  In answer to Paragraph 11, Defendants do not contest this Court's jurisdiction.

12.    The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

**ANSWER:**  In answer to Paragraph 12, Defendants do not contest this Court's jurisdiction.

13.    The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

**ANSWER:**  In answer to Paragraph 13, Defendants admit that this Court has the discretion to exercise supplemental jurisdiction over Plaintiff's state law claims.

14.    Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

**ANSWER:**  In answer to Paragraph 14, Defendants admit.

## GENERAL ALLEGATIONS

15.    Michaela Pauly worked for the City of South Haven as a law enforcement officer from December 2012 until March 12, 2021.

**ANSWER:**  In answer to Paragraph 15, Defendants admit that Plaintiff was hired with the City of South Haven Police Department in December, 2012, and further admit that on March 12, 2021, Plaintiff was sent a termination letter.

16.    Pauly performed her job well and consistently received praise regarding her job performance.

**ANSWER:**  In answer to Paragraph 16, Defendants admit that Plaintiff performed her job well on some occasions and deny all remaining allegations for the reason they are untrue.

17.    In 2014, Pauly became romantically involved with another police officer who also worked for the City of South Haven and whom she later married.

**ANSWER:**  In answer to Paragraph 17, Defendants admit that Plaintiff married a fellow officer and neither admit nor deny all remaining allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

18.    Pauly and her husband were married in 2015, and they were married while they both worked for the City of South Haven.

**ANSWER:**  In answer to Paragraph 18, Defendants admit that Plaintiff married a fellow officer and neither admit nor deny all remaining allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leave Plaintiff to her proofs.

19.    Chief Thompson had previously engaged in a sexual relationship with Pauly's husband before he began his relationship with Pauly.  Pauly's husband ended the relationship with Chief Thompson.

**ANSWER:**  In answer to Paragraph 19, Defendant City of South Haven neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief as to those allegations and leaves Plaintiff to her proofs. Defendant Thompson admits that she was involved in a brief sexual relationship with plaintiff's husband, Michael Pauly, many years ago and before Plaintiff was hired by South Haven Police Department. Defendant Thompson admits that her relationship with Michael Pauly was before Plaintiff became romantically involved with him.

20.    Chief Thompson has also engaged in several other sexual relationships with male police officers at the City of South Haven, and some of those relationships occurred while she directly supervised their employment.

**ANSWER:**  In answer to Paragraph 20, Defendant City of South Haven neither admits nor denies the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. Defendant Thompson admits that, before Plaintiff was hired by South

Haven Police Department, Thompson had sexual relationships with other officers and denies the remaining allegations for the reason that they are untrue.

21.    Chief Thompson discriminated against Pauly because of her sex and treated her worse than male officers.

**ANSWER:**  In answer to Paragraph 21, Defendants deny the allegations for the reason that they are untrue.

22.    Pauly complained about Chief Thompson's discriminatory treatment of her.

**ANSWER:** In answer to Paragraph 22, Defendants deny the allegations for the reason that they are untrue.

23.    Chief Thompson then targeted Pauly for an investigation that was a pretext for discrimination and retaliation.

**ANSWER:** In answer to Paragraph 23, Defendants deny the allegations for the reason that they are untrue.

24.    The bias-filled and retaliatory investigation lead to the termination of Pauly's employment with the City of South Haven.

**ANSWER:** In answer to Paragraph 24, Defendants deny the allegations for the reason that they are untrue.

25.     After the termination of Pauly's employment from the City of South Haven, Defendants contacted Pauly's new employer in an effort to further retaliate against her by providing unsolicited information that lead to the termination of Pauly's employment from her subsequent employer.

**ANSWER:** In answer to Paragraph 25, Defendants deny the allegations for the reason that they are untrue.

26.     Pauly filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

**ANSWER:**  In answer to Paragraph 26, Defendants admit this allegation.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
*(against the City of South Haven only)*

27.     Pauly repeats and incorporates all the previous allegations in her complaint.  This count in the complaint proceeds only against the City of South Haven.

**ANSWER:** In answer to Paragraph 27, Defendants hereby incorporate by reference each and every answer to Paragraphs 1 through 26 above as though fully set forth herein.

28.    The City of South Haven subjected Pauly to different (and worse) terms and conditions of employment in comparison to male employees.

**ANSWER:**  In answer to Paragraph 28, Defendants deny the allegations for the reason they are untrue.

29.    The City of South Haven terminated Pauly's employment.

**ANSWER:**  In answer to Paragraph 29, Defendants admit this allegation.

30.    Pauly's sex and gender were motivating factors in the City of South Haven's decision to treat her differently in connection with the terms and conditions of her employment and the decision to terminate her employment.

**ANSWER:**  In answer to Paragraph 30, Defendants deny the allegations for the reason that they are untrue.

31.    Pauly suffered damages a result of the City of South Haven's violations of Title VII of the Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

**ANSWER:**  In answer to Paragraph 31, Defendants deny the allegations for the reason that they are untrue.

## COUNT 2

### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT
(*against the City of South Haven and Chief Thompson*)

32.    Pauly repeats and incorporates all the previous allegations in her complaint. This count in the complaint proceeds against the City of South Haven and Chief Thompson.

**ANSWER:**  In answer to Paragraph 32, Defendants hereby incorporate by reference each and every answer to Paragraphs 1 through 31 above as though fully set forth herein.

33.    The City of South Haven and Chief Thompson subjected Pauly to different (and worse) terms and conditions of employment in comparison to male employees.

**ANSWER:**  In answer to Paragraph 33, Defendants deny the allegations for the reason that they are untrue.

34.    The City of South Haven terminated Pauly's employment.

**ANSWER:**  In answer to Paragraph 34, Defendants admit the allegation.

35.    Pauly's gender and sex were motives or reasons which made a difference in the City of South Haven and Chief Thompson's decision to treat her differently in connection with the terms and conditions of her employment and the decision to terminate her employment.

**ANSWER:**  In answer to Paragraph 35, Defendants deny the allegations for the reason that they are untrue.

36.    Pauly suffered damages as a result of the City of South Haven and Chief Thompson's violations of Michigan's Elliott-Larsen Civil Rights Act, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

**ANSWER:**  In answer to Paragraph 36, Defendants deny the allegations for the reason that they are untrue.

## COUNT 3

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(*against the City of South Haven only*)

37.    Pauly repeats and incorporates all the previous allegations in her complaint.

**ANSWER:**  In answer to Paragraph 37, Defendants hereby incorporate by reference each and every answer to Paragraphs 1 through 36 above as though fully set forth herein.

38.    Pauly engaged in activity protected by Title VII of the Civil Rights Act of 1964 when she complained to the City of South Haven about the discrimination and retaliation that she encountered in the workplace.

**ANSWER:**  In answer to Paragraph 38, Defendants deny the allegations for the reason that they are untrue.

39.    The City of South Haven knew about Pauly's protected activity.

**ANSWER:**  In answer to Paragraph 39, Defendants deny the allegations for the reason that they are untrue.

40.    The City of South Haven took adverse employment actions against Pauly when it subjected her to different (and worse) terms and conditions of employment, when it terminated her employment, and when it engineered her termination from her new employer after leaving the City of South Haven's employ.

**ANSWER:**  In answer to Paragraph 40, Defendants deny the allegations for the reason that they are untrue.

41.    The City of South Haven would not have taken these adverse actions against Pauly but for her protected activity.

**ANSWER:**  In answer to Paragraph 41, Defendants deny the allegations for the reason that they are untrue.

42.    Pauly suffered damages because of the City of South Haven's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

**ANSWER:**  In answer to Paragraph 42, Defendants deny the allegations for the reason that they are untrue.

## COUNT 4

### RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT
*(against the City of South Haven and Chief Thompson)*

43.    Pauly repeats and incorporates all the previous allegations in her complaint.  This count in the complaint proceeds against the City of South Haven and Chief Thompson.

**ANSWER:**  In answer to Paragraph 43, Defendants hereby incorporate by reference each and every answer to Paragraphs 1 through 42 above as though fully set forth herein.

44.    Pauly engaged in activity protected by the Elliott-Larsen Civil Rights Act when she complained to the City of South Haven about the discrimination and retaliation that she encountered in the workplace.

**ANSWER:**  In answer to Paragraph 44, Defendants deny the allegations for the reason that they are untrue.

45.    The City of South Haven and Chief Thompson knew about Pauly's protected activity.

**ANSWER:**  In answer to Paragraph 45, Defendants deny the allegations for the reason that they are untrue.

46.    The City of South Have and Chief Thompson took adverse employment actions against Pauly when they subjected her to different (and worse) terms and conditions of employment, when they terminated her employment, and when they engineered her termination from her new employer after leaving the City of South Haven's employ.

**ANSWER:**  In answer to Paragraph 46, Defendants deny the allegations for the reason that they are untrue.

47.    There was a causal connection between Pauly's protected activities and the adverse employment actions the City of South Haven and Chief Thompson took against her.

**ANSWER:**  In answer to Paragraph 47, Defendants deny the allegations for the reason that they are untrue.

48.    Pauly suffered damages because of the City of South Haven and Chief Thompson's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

**ANSWER:**  In answer to Paragraph 48, Defendants deny the allegations for the reason that they are untrue.

## JURY DEMAND

49.    Pauly demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b).

**ANSWER:**  In answer to Paragraph 49, Defendants rely upon Plaintiff's demand for trial by jury and requests same.

## RELIEF REQUESTED

50.    Plaintiff Michaela Pauly requests that the Court enter a judgment in her favor and against Defendants City of South Haven and Natalie Thompson in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

**ANSWER:**  In answer to Paragraph 50, Defendants deny Plaintiff's claim of entitlement to judgment in her favor and damages for the reason that Plaintiff's allegations are untrue and legally insufficient.

51.    Pauly also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstance.

**ANSWER:**  In answer to Paragraph 51, Defendants deny Plaintiff's claim of entitlement to legal or equitable relief for the reason that Plaintiff's allegations are untrue and legally insufficient.

**WHEREFORE**, Defendants request that this Court dismiss Plaintiff's Complaint and award Defendants costs and attorney fees for the defense of this action.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER, P.C.

/s/Laura S. Amtsbuechler_____
Laura S. Amtsbuechler (P36972)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3554
(248) 489-4100
lamtsbuechler@rsjalaw.com

DATED:  April 25, 2022

## <u>RELIANCE UPON JURY DEMAND</u>

Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, PC, hereby rely upon the Jury Demand previously filed in the above-entitled cause of action.

> ROSATI SCHULTZ JOPPICH
> & AMTSBUECHLER, PC
>
> /s/Laura S. Amtsbuechler_____
> Laura S. Amtsbuechler (P36972)
> Attorney for Defendants
> 27555 Executive Drive, Suite 250
> Farmington Hills, MI 48331-3554
> (248) 489-4100
> lamtsbuechler@rsjalaw.com

Dated:  April 25, 2022

## <u>AFFIRMATIVE DEFENSES</u>

Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, PC, submit the following as its Affirmative Defenses:

1. Plaintiff's claims for equitable relief are barred by the doctrines of laches, estoppel and unclean hands.

2. Plaintiff's discrimination and retaliation counts fail to state a claim upon which relief may be granted.

3. Plaintiff's economic damages claims are barred in whole, or in part, by the After Acquired Evidence Doctrine.

4.     All employment actions regarding Plaintiff were taken for legitimate non-discriminatory and non-retaliatory reasons. These employment actions would have been taken regardless of Plaintiff's alleged protected class and/or alleged protected activity.

5.     All employment decisions made regarding Plaintiff were made in good faith and with the honest belief that they were legitimate non-discriminatory and non-retaliatory decisions.

6.     Plaintiff has failed to mitigate her damages.

7.     Plaintiff's Complaint is frivolous as defined by *Fed. Civ. R.* 11(b)(1)-(3).

8.     Defendants reserve the right to amend their Affirmative Defenses through trial.

<div style="margin-left: 40%">

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER, PC

/s/Laura S. Amtsbuechler_____
Laura S. Amtsbuechler (P36972)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3554
(248) 489-4100
lamtsbuechler@rsjalaw.com

</div>

Dated:  April 25, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following: Mark S. Wilkinson and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: (none).

/s/ Julie Doll